THOMAS C. STERLING
BLAIR STERLING JOHNSON
MOODY MARTINEZ & LEON GUERRERO
A PROFESSIONAL CORPORATION
SUITE 1008 PACIFIC NEWS BUILDING
238 ARCHBISHOP F.C. FLORES STREET
HAGÅTÑA, GUAM 96910-5205
TELEPHONE: (671) 477-7857

*Attorneys for Plaintiff Nippo Corporation*

FILED
DISTRICT COURT OF GUAM
AUG 23 2006
MARY L.M. MORAN
CLERK OF COURT

## IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| NIPPO CORPORATION,<br><br>Plaintiff,<br><br>vs.<br><br>INTERNATIONAL BRIDGE CORPORATION, INTERNATIONAL BRIDGE AND CONSTRUCTION/MARIANAS, INC., INTER BAY CIRCLE MARINE, AND WILLIAM E. TOELKES,<br><br>Defendants. | CIVIL CASE NO. 06-00020<br><br>**FIRST AMENDED COMPLAINT FOR BREACH OF CONTRACT, ALTER EGO LIABILITY, CONSTRUCTIVE TRUST, BREACH OF FIDUCIARY DUTIES, CONVERSION, AND FOR AN ACCOUNTING** |

**COMES NOW** Plaintiff **NIPPO CORPORATION** (hereinafter "Nippo") and for its claims for relief alleges as follows:

1. This Court has jurisdiction over this action pursuant to 28 USC §1332 based on diversity of citizenship. The amount in controversy exceeds $75,000. Venue properly lies in this district inasmuch as most of the parties reside in this district and the majority of the transactions at issue occurred in this district.

2. Nippo is, and at all times herein relevant was, a corporation organized and existing under the laws of the Nation of Japan with its principal place of business in Tokyo, Japan.

3. Defendant **INTERNATIONAL BRIDGE CORPORATION** (hereinafter "IBC") is, and at all times herein relevant was, a corporation organized and existing under the laws of the State of Ohio with its principal place of business in Yigo, Guam.

4. Defendant **INTERNATIONAL BRIDGE AND CONSTRUCTION/MARIANAS, INC.** (hereinafter "IBCM") is a corporation organized and existing under the laws of the Commonwealth of the Northern Mariana Islands with its principal place of business in Yigo, Guam.

5. Defendant **INTER BAY CIRCLE MARINE** (hereinafter "Inter Bay") is a corporation organized and existing under the laws of Guam with its principal place of business in Yigo, Guam.

6. Defendant **WILLIAM E. TOELKES** (hereinafter "Toelkes") is, and at all times herein relevant was, an individual resident of Guam.

7. Nippo is informed and believes and thereon alleges that each and every Defendant named herein served as an agent or employee of each and every other Defendant in performing the acts alleged herein.

**FIRST CLAIM FOR RELIEF (BREACH OF CONTRACTS)**

8. Nippo realleges and incorporates herein by this reference paragraphs 1 through 6, inclusive.

9. Commencing in or about 2001, Nippo and IBC entered into a succession of joint venture and related agreements, which were amended from time to time, in connection with the performance of various construction projects including the Wake Island Runway,

- 2 -

Koyukuk Airport Alaska, Jaluit School, Asphalt Concrete Paving at Andersen Air Force Base, Route 4 Reconstruction and Widening in Yona, Guam, PAIP X, Construction of Permanent Classrooms, Runway 6L and Taxiway G for Guam International Airport Authority, PAIP XI, Asphalt Concrete Paving Navy, PAIP XII, North Runway Repairs at Andersen Air Force Base, Palmer Southwest Utility System Extension, and ANVIK Airport Improvements.

10. Pursuant to the terms of the agreements, Nippo was responsible for providing performance guarantees and partial financing of the projects whereas IBC was responsible for actual performance of the projects and, in consideration for Nippo's contributions, Nippo was guaranteed a specific return on each project with the balance of the project proceeds payable to IBC and the risk of financial loss on the projects resting with IBC.

11. Pursuant to the terms of the joint venture agreements, payments in connection with the performance of the work were to have been deposited into a joint venture account at the Bank of Guam in Guam, subject to the signatory control of Nippo, but, as alleged hereinafter, such did not always occur.

12. Commencing at the latest in or about late 2003, IBC gave instructions to the owners of joint venture projects to make payment of project proceeds to an account other than that designated pursuant to the joint venture agreements. As a result, an amount of approximately $14,000,000 in joint venture project proceeds, which should properly have been deposited into

the joint venture account at the Bank of Guam, was instead deposited into an IBC account in the KAW Valley Bank in Kansas. The unauthorized diversion of joint venture construction proceeds into this account constituted a breach of the joint venture agreements.

13. Upon discovery of the diversion of funds, Nippo made demand upon IBC to return the joint venture funds improperly deposited into an IBC account but, with the exception of certain offsets recognized by Nippo, no funds were returned, and approximately $6,000,000 of joint venture funds deposited into the IBC account has never been properly accounted for.

14. The cost of performance of the projects exceeded the amounts payable under the construction contracts and Nippo was required to advance substantial amounts to IBC to continue and complete the work, all of which was properly reimbursable by IBC pursuant to the joint venture agreements.

15. Pursuant to the terms of the joint venture agreements, there is presently past due and payable from IBC to Nippo the sum of $20,047,000, with interest thereon according to proof, with the final amount to be established by proof at trial. Nippo has made a demand upon IBC for payment of $20,047,000 as alleged herein but IBC has failed and refused and continues to fail and refuse to pay the same.

//

//

**SECOND CLAIM FOR RELIEF (ALTER EGO)**

16. Nippo realleges and incorporates herein by this reference paragraphs 1 through 15 of this complaint.

17. Nippo is informed and believes and thereon alleges that Defendants IBCM, Inter Bay, and Toelkes are, and at all times herein relevant were, alter egos of Defendant IBC and that there exists, and at all times herein mentioned has existed, a unity of interest and ownership between said Defendants such that any separateness has ceased to exist. Among other things, funds of IBC, IBCM, and Inter Bay have been commingled, IBC funds have been used to pay the operational expenses and debts of IBCM and Inter Bay, assets have been placed in the name of IBCM and Toelkes which have been purchased with the funds of IBC, and the corporate separateness of said entities have been disregarded on a regular basis.

18. Inasmuch as IBCM, Inter Bay, and Toelkes are alter egos of IBC, said Defendants are jointly and severally liable to Nippo for the $20,047,000 due and payable as alleged in the First Claim for Relief.

**THIRD CLAIM FOR RELIEF (CONSTRUCTIVE TRUST)**

19. Nippo hereby realleges and incorporates herein by this reference paragraphs 1 through 18 of this complaint.

20. As alleged hereinabove, over $6,000,000 in funds which should properly have been deposited into the joint venture account at the Bank of Guam were improperly and wrongfully

diverted by IBC to the KAW Valley Bank account in Kansas. Nippo is informed and believes and thereon alleges that a significant portion of said funds were subsequently utilized by IBC to purchase heavy construction equipment, the ownership of which was placed in the name of either IBC or IBCM. Inasmuch as the joint venture projects were, as a whole, operating at a substantial loss resulting in the $20,047,000 debt from IBC to Nippo as alleged hereinabove, essentially all of these funds which were improperly diverted from the joint venture account, in violation of IBC's fiduciary duties to its joint venture partner, were the property of Nippo.

21. Attached hereto as Exhibit "A" and incorporated herein by this reference is a listing of the equipment owned by IBC and IBCM which Nippo is informed and believes were purchased with diverted joint venture funds which were the property of Nippo.

22. Diverted joint venture funds were also utilized to pay for the purchase of Lot No. 7030 NEW-2-R1NEW-1, Yigo, Guam, (hereinafter "Trust Lot") as the Trust Lot is marked and designated on Map Drawing No. Dai-S-02-20 recorded at the Guam Department of Land Management, on October 24, 2002, under Instrument No. 664673 containing an area of approximately 31,435 square meters. Title to said Trust Lot is held in the name of Toelkes.

23. By virtue of the wrongful utilization of joint venture funds to purchase and pay for said equipment and Trust Lot,

Case 1:06-cv-00020   Document 5   Filed 08/23/2006   Page 6 of 12

Defendants IBC, IBCM, and Tolkes obtained legal title to the equipment and Trust Lot and, as such, are involuntary trustees holding the equipment Trust Lot as well as the profits therefrom in constructive trust for Nippo with a duty to reconvey the same to Nippo forthwith.

**FOURTH CLAIM FOR RELIEF (BREACH OF FIDUCIARY DUTIES)**

24. Nippo realleges and incorporates herein by this reference paragraphs 1 through 23 of this complaint.

25. Defendant IBC, as a joint venture partner, and its management employees were required at all times herein alleged to act in good faith with a view towards the best interests of the joint venture and were not permitted to use their position of trust and confidence to further their private interests at the expense of the joint venture.

26. As indicated hereinabove, IBC, in breach of its fiduciary duties, wrongfully deposited joint venture funds into an IBC account and failed to properly account for approximately $6,000,000 of joint venture funds some or all of which, on information and belief, were used to purchase construction equipment which was subsequently leased by IBCM to the joint venture. Nippo is further informed and believes that IBC further breached its fiduciary duties owed to Nippo through other acts and transactions whereby it benefited itself and related persons and entities at the expense of the joint venture. The dates, details and records of these other transactions cannot be given

- 7 -

with more particularity at this time because many of the records, books and papers pertaining to these transactions are not in the possession of Nippo.

27. As a result of the breach of the fiduciary duties alleged herein, Nippo has been damaged in a sum in excess of $6,000,000, subject to proof at trial.

28. The acts and conduct of IBC as herein alleged were oppressive, fraudulent, and malicious in that IBC knew the funds at issue were the property of the joint venture and that actions intentionally and willfully taken were damaging the joint venture while benefiting IBC and related entities. Nippo therefore seeks punitive and exemplary damages of $10,000,000.

**FIFTH CLAIM FOR RELIEF (CONVERSION)**

29. Nippo realleges and incorporates herein by this reference paragraphs 1 through 28 of this complaint.

30. The wrongful and intentional diversion of at least $6,000,000 in joint venture funds by IBC from the joint venture account to an IBC account in the State of Kansas constituted a tortious conversion of said funds proximately resulting in a loss to Nippo of at least $6,000,000 with the ultimate loss subject to proof of at trial.

31. The willful and intentional act of IBC in diverting and converting at least $6,000,000 in joint venture funds was willful, fraudulent, and malicious inasmuch as the funds were the property of the joint venture and the diversion of the funds

- 8 -

directly and proximately damaged Nippo. Nippo therefore seeks punitive and exemplary damages of $10,000,000.

### SIXTH CLAIM FOR RELIEF (ACCOUNTING)

32. Nippo realleges and incorporates herein by this reference paragraphs 1 through 31 of its complaint.

33. As alleged hereinabove, an amount of approximately $6,000,000 in joint venture funds were improperly diverted to an IBC account and have not yet been properly accounted for. Moreover, although IBC was required pursuant to the joint venture agreements to bear the risk of loss in connection with the construction work, Nippo has been required to advance many millions of dollars to keep the construction projects going forward inasmuch as many of the projects have suffered large losses which IBC has been unable to pay. Nippo has never been reimbursed by IBC for these losses.

34. Nippo does not have sufficient information about the actual costs of the construction and the utilization of the joint venture funds to compute a precise allocation of the debts and expenditures incurred, nor does it have adequate information to determine for what purposes the diverted joint venture funds were put to use by IBC and whether any of those funds have been utilized to purchase assets for other entities and individuals so that a constructive trust has attached to those assets.

35. Nippo is entitled to a full and complete accounting of the joint venture affairs so that its profits, losses and

diverted funds can all be accounted for, properly apportioned, and pursued through further litigation against other entities and individuals, if necessary.

**WHEREFORE,** Plaintiff **NIPPO CORPORATION** prays judgment as follows:

1.  For a joint and several judgment against Defendants **INTERNATIONAL BRIDGE CORPORATION, INTERNATIONAL BRIDGE AND CONSTRUCTION/MARIANAS, INC., INTER BAY CIRCLE MARINE** and **WILLIAM E. TOELKES** in the principal amount of $20,047,000;

2.  For interest thereon in an amount according to proof;

3.  Declaring that IBC and IBCM hold the construction equipment listed in Exhibit "A" in trust for Nippo;

4.  Declaring that Toelkes holds the Trust Lot in trust for Nippo;

5.  Compelling IBC and IBCM to transfer legal title and possession of the equipment to Nippo;

6.  Compelling Toelkes to transfer legal title to the Trust Lot to Nippo;

7.  For the value of rents and profits received by IBC, IBCM, and Toelkes for said equipment Trust Lot and compelling Defendants to account fully therefore;

8.  For a complete accounting from IBC of all the affairs and transactions of the joint venture so that its profits, losses, and diverted funds may all be located and properly accounted for;

1       9.    For punitive and exemplary damages of $10,000,000 from
2 all Defendants;
3      10.   For costs of suit incurred herein; and
4      11.   For such other and further relief as the Court may deem just and proper.

**DATED** this 21st day of August, 2006.

                                  **BLAIR STERLING JOHNSON**
                                      **MOODY MARTINEZ & LEON GUERRERO**
                                  A PROFESSIONAL CORPORATION

                                BY: _____
                                    THOMAS C. STERLING
                                    *Attorneys for Plaintiff Nippo Corporation*

**ATTACHMENT: EXHIBIT "A"**

```
E62:49:62\52765-01
G:\WORDDOC\PLD\TCS\294A-1ST AMENDED COMPLAINT RE NIPPO V IBC
ET AL.DOC
```

- 11 -

| # | EOPT CATEGORY | MANUFACTURER | SERIAL NUMBER |
|---|---|---|---|
| 1 | DOZERS | CATERPILLAR, D9L DOZER | 14Y02762 |
| 2 | DOZERS | CATERPILLAR, D-11N | 74Z0980 |
| 3 | BACKHOES | CATERPILLAR, 375L EXCAVATOR | 8XG0201 |
| 4 | BACKHOES | CATERPILLAR, 245B ME EXCAVATOR | 6MF0061 |
| 5 | BACKHOES | KOMATSU EXCAVATOR, PC30-7E | 28513 |
| 6 | LOADERS | CATERPILLAR, 246 SKID STEER | 5SZ07875 |
| 7 | LOADERS | CATERPILLAR, 988B WHEEL LOADER | 50W04744 |
| 8 | LOADERS | CATERPILLAR, 226 SKID STEER | 5FZ06927 |
| 9 | SCRAPERS/TRENCH | CATERPILLAR, 773B ROCK TRUCK | 63W01486 |
| 10 | SCRAPERS/TRENCH | CATERPILLAR, 773B ROCK TRUCK | 63W01492 |
| 11 | GRADERS | 140H MOTOR GRADER, 140H | 2Z507634 |
| 12 | GRADERS | CATERPILLAR, 140G MOTOR GRADER | 72V15718 |
| 13 | CRUSHING EQPT | RADIAL STACKING, 30 X 60FT. CONVEYOR | OBL |
| 14 | CRUSHING EQPT | SUPERIOR, 36 X 50FT. CONVEYOR | 3994 |
| 15 | CRUSHING EQPT | 95 TELSMITH, 48" X 23FT. CONVEYOR | C318686-401M |
| 16 | CRUSHING EQPT | MO ROGERS, 36" X 60FT. CONVEYOR | OBL |
| 17 | CRUSHING EQPT | PORTABLE FEED, 30" X 32FT. CONVEYOR | RITCH.BROS 6-03 |
| 18 | CRUSHING EQPT | NC RIBBLE, 36"X60FT. CONVEYOR | 47485 |
| 19 | CRUSHING EQPT | D & M RECIPROCATING, 36"X 5FT.PLATE FEEDER | RITCH.BROS 6-03 |
| 20 | CRUSHING EQPT | 98 REUTER, 30"X60FT. STACKABLE | 306067989 |
| 21 | CRUSHING EQPT | 00 EXCEL, 30"X60FT.RADIAL STACK | 00158 |
| 22 | CRUSHING EQPT | 99 EXCEL, 30"X60FT. RADIAL STACK | RITCH.BROS 6-03 |
| 23 | CRUSHING EQPT | 00 EXCEL, 30"X60FT. RADIAL STACK | RITCH.BROS 6-03 |
| 24 | CRUSHING EQPT | RADIAL STACKING, 30"X60FT. CONVEYOR | RITCH.BROS 6-03 |
| 25 | CRUSHING EQPT | PROTOUGH 400 THOMAS, 6X7 FT. 2 DECK SCREENING | 74000838 |
| 26 | CRUSHING EQPT | EXCEL, 30'X60FT. RADIAL STACK | 00149 |
| 27 | CRUSHING EQPT | 13-15 KOBELCO, HORIZONTAL IMPACT | 112655 |
| 28 | ASPHALT | AP4000, PROFILOGRAPH | 410104 |
| 29 | TRUCKS | ISUZU, '98 DUMP TRUCK | FRR12DA36071464 |
| 30 | PICK-UPS & CARS | MONTERO ES, JA4LS21H51P002191 | 4X2 WAGON |
| 31 | PICK-UPS & CARS | 97 FORD VAN, BLUE AEROSTAR | 1FMDA31U4VZC14862 |
| 32 | PICK-UPS & CARS | 97 FORD VAN, RED AEROSTAR | 1FMDA31V4VZC14828 |
| 33 | PICK-UPS & CARS | '91 CHEVY, 2500 STAKE TRUCK | 1GBGC24JXME152062 |
| 34 | PICK-UPS & CARS | '91 CHEVY, 2500 STAKE BODY | 1GBGC24J6ME181056 |
| 35 | PICK-UPS & CARS | '91 CHEVY, 2500 STAKE BODY | 1GBGC24J3ME181001 |
| 36 | PICK-UPS & CARS | '91 CHEVY, 2500 STAKE BODY | 1GBGC24J2ME180714 |
| 37 | PICK-UPS & CARS | '91 CHEVY, 2500 STAKE BODY | 1GBHC34J6ME189474 |
| 38 | PICK-UPS & CARS | '93 CHEVY, 2500 STAKE BODY | 1GBGC24J0PE181123 |
| 39 | PICK-UPS & CARS | '88 CHEVY, G30 VAN | 2GCGG31J9J4140460 |
| 40 | PICK-UPS & CARS | '90 CHEVY, G30 VAN | 2GBGG31J9L4123035 |
| 41 | PICK-UPS & CARS | '88 CHEVY, G30 VAN | 2GCGG31J3J4144388 |
| 42 | PICK-UPS & CARS | 88 CHEVY, G30 VAN | 2GCGG31J7J4140571 |
| 43 | VANS | DODGE RAM B350, CARGO VAN | 2B5WB35Y0SK546943 |
| 44 | VANS | DODGE RAM, CARGO VAN | 2B5WB35Y0TK107873 |
| 45 | VANS | 99 FORD E-250, CARGO VAN | 1FTPE2420XHA74151 |
| 46 | COMPACTORS | IR ROLLER 1999, PT-125R | 160230 |
| 47 | COMPACTORS | CAT ROLLER, CB-434C | 15063 |
| 48 | COMPACTORS | INGERSOLL-RAND, SD115 SOIL COMP. | 152379 |
| 49 | COMPACTORS | INGERSOLL-RAND, SD115 SOIL COMP. | 157782 |
| 50 | GENERATOR | SDG45S, ACE OCEAN | 3A10069 |
| 51 | STORAGE VANS | DUNGAN & CO., 40' INSULATED CONTAINER | |
| 52 | STORAGE VANS | DUNGAN & CO., 40' INSULATED CONTAINER | |
| 53 | FORKLIFTS | CATERPILLAR, TH83 TELESCOPIC | 3RN02721 |
| 54 | CRANES | P&H 40TON, MODEL 440 | |
| 55 | MISCELLANEOUS | ROAD LAZER PAINTER | |

# EXHIBIT "A"

E49\52785-01
G:\WORDDOC\DOC\TCS\103-NIPPO YR2005 EQUIP LIST R071806