THOMAS C. STERLING
BLAIR STERLING JOHNSON
MARTINEZ & LEON GUERRERO
A PROFESSIONAL CORPORATION
SUITE 1008 PACIFIC NEWS BUILDING
238 ARCHBISHOP F.C. FLORES STREET
HAGÅTÑA, GUAM 96910-5205
TELEPHONE: (671) 477-7857

*Attorneys for Plaintiff and Counter Defendant Nippo Corporation*



FILED
DISTRICT COURT OF GUAM
OCT 10 2006
MARY L.M. MORAN
CLERK OF COURT

## IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| NIPPO CORPORATION, | CIVIL CASE NO. 06-00020 |
| Plaintiff, | |
| vs. | |
| INTERNATIONAL BRIDGE CORPORATION, INTERNATIONAL BRIDGE AND CONSTRUCTION/MARIANAS, INC., INTER BAY CIRCLE MARINE, AND WILLIAM E. TOELKES, | |
| Defendants. | |
| INTERNATIONAL BRIDGE CORPORATION, and INTERNATIONAL BRIDGE AND CONSTRUCTION/MARIANAS, INC. | |
| Counterclaimants, | **ANSWER OF NIPPO CORPORATION TO COUNTERCLAIM** |
| vs. | |
| NIPPO CORPORATION, | |
| Counterclaim Defendant. | |

**COMES NOW** Counter Defendant **NIPPO CORPORATION** (hereinafter "Nippo") and in answer to the counterclaims herein admits, denies and alleges as follows:

1. Nippo admits the allegations contained in paragraphs 1, 2, 3, 4, 5, 7, 11, and 12.

ORIGINAL

2. In response to paragraph 6, Nippo admits only that in late 2000, IBC and Nippo agreed to pursue Government construction contracts as joint venture partners. Nippo denies generally and specifically each and every other allegation contained in said paragraph.

3. Nippo denies generally and specifically each and every allegation contained in paragraphs 8 and 9 inasmuch as the contracts speak for themselves as to their terms and conditions.

4. In response to paragraph 10, Nippo admits only that, with the exception of at least 3 instances, when an IBC/Nippo Joint Venture was awarded a contract, the Joint Venture would enter into a subcontract with Nippo under which the work under the project was subcontracted to Nippo and the Joint Venture agreed to pay Nippo all money received by the Joint Venture from the project owner. Nippo denies generally and specifically each and every other allegation contained in said paragraph.

5. In response to paragraph 13, Nippo admits only that IBC was originally the Managing Party to each of the Joint Venture agreements and that that changed at a certain point in time. Nippo denies generally and specifically each and every other allegation contained in said paragraph.

6. In response to paragraph 14, Nippo admits only that on or about January 19, 2006, the parties entered into a Joint Venture Agreement Amendment which was to be effective as of December 1, 2005. Nippo denies generally and specifically each

and every other allegation contained in said paragraph inasmuch as the Joint Venture Agreement Amendment speaks for itself.

7. Nippo denies generally and specifically each and every allegation contained in paragraph 15.

**COUNT ONE**

8. In response to paragraph 16, Nippo reallges and incorporates herein by this reference its responses to paragraphs 1 through 15.

9. Nippo admits the allegations contained in paragraphs 17 and 20.

10. Nippo lacks sufficient information and belief to formulate a response to paragraphs 18, 23, 24, and 26, and, basing its denial thereon, denies generally and specifically each and every allegation contained therein.

11. In response to paragraph 21, Nippo admits only that some equipment was shipped to Makassar, Indonesia in or about November 2005 and that some equipment was also shipped in late January 2006 to load cement and that this equipment was shipped on a vessel owned by InterBay Circle Marine. Nippo denies generally and specifically each and every other allegation contained in said paragraph.

12. In response to paragraph 22, Nippo admits only that some of the equipment was listed in exhibits to the Equipment Rental Agreement but Nippo denies generally and specifically each and every other allegation contained in said paragraph.

13. In response to paragraph 25, Nippo admits only that some of the cement was used on the AMEC project and that the cement was loaded using the equipment which was shipped to Makassar. Nippo denies generally and specifically each and every other allegation contained in said paragraph.

14. Nippo denies generally and specifically each and every allegation contained in paragraph 27 inasmuch as the Equipment Rental Agreement speaks for itself as to its terms and conditions.

15. Nippo denies generally and specifically each and every allegation contained in paragraphs 19, 28, 29, 30, 31, and 32.

**COUNT TWO**

16. In response to paragraph 33, Nippo realleges and incorporates herein by this reference its responses to paragraphs 1 through 15.

17. Nippo admits the allegations contained in paragraphs 40, 41, 45 and 46.

18. Nippo lacks sufficient information and belief to formulate a response to paragraph 34 and, basing its denial thereon, denies generally and specifically each and every allegation contained therein.

19. Nippo denies generally and specifically each and every allegation contained in paragraphs 35, 36, 37, 38, 39, and 42 inasmuch as the contracts at issue speak for themselves as to their terms and conditions.

- 4 -

20. Nippo denies generally and specifically each and every allegation contained in paragraphs 43, 44, 47, 48, 49, and 50.

**COUNT THREE**

21. In response to paragraph 51, Nippo realleges and incorporates herein by this reference its responses to paragraphs 1 through 15, inclusive, and 34 through 50, inclusive.

22. Nippo admits the allegations contained in paragraph 53 and 55.

23. Nippo denies generally and specifically each and every allegation contained in paragraphs 52, 54, and 56.

**COUNT FOUR**

24. In response to paragraph 57, Nippo realleges and incorporates herein by this reference its responses to paragraphs 1 through 15, inclusive, and 34 through 50, inclusive.

25. Nippo admits the allegations contained in paragraph 59.

26. Nippo denies generally and specifically each and every allegation contained in paragraph 58, 60, 61, 62, and 63.

**COUNT FIVE**

27. In response to paragraph 64, Nippo realleges and incorporates herein by this reference its responses to paragraphs 1 through 15, inclusive.

28. Nippo admits the allegations contained in paragraphs 65, 66, 67, 68, 69, 70, 71, and 75.

29. Nippo denies generally and specifically each and every allegation contained in paragraphs 72, 73, 74, 76, 77, 78, and

79.

## COUNT SIX

30. In response to paragraph 80, Nippo realleges and incorporates herein by this reference its responses to paragraphs 1 through 15, inclusive, and 65 through 79, inclusive.

31. Nippo admits the allegations contained in paragraph 82.

32. In response to paragraph 84, Nippo admits only that IBCM has provided Nippo with invoices and that Nippo has refused to pay such invoices but Nippo denies generally and specifically each and every other allegation contained in said paragraph.

33. Nippo denies generally and specifically each and every allegation contained in paragraphs 81, 83, and 85.

## COUNT SEVEN

34. In response to paragraph 86, Nippo realleges and incorporates herein by this reference its responses to paragraphs 1 through 15, inclusive, and 65 through 79, inclusive.

35. Nippo admits the allegations contained in paragraph 88.

36. Nippo denies generally and specifically each and every allegation contained in paragraphs 87, 89, 90, and 91.

## COUNT EIGHT

37. In response to paragraph 92, Nippo realleges and incorporates herein by this reference its responses to paragraphs 1 through 15, inclusive.

38. Nippo admits the allegations contained in paragraphs 93, 94, 96, and 101.

//

39. In response to paragraph 95, Nippo admits only that the Joint Venture entered into a subcontract for the work under the PAIP XII Project but denies generally and specifically each and every other allegation contained in said paragraph.

40. In response to paragraph 97, Nippo admits only that on or about September 4, 2004, Nippo entered into a sub-subcontract with IBC but Nippo denies generally and specifically each and every other allegation contained in said paragraph inasmuch as the sub-subcontract speaks for itself as to its terms and conditions.

41. Nippo denies generally and specifically each and every allegation contained in paragraphs 98, 99, 100, 102, 103, 104, and 105.

**COUNT NINE**

42. In response to paragraph 106, Nippo realleges and incorporates herein by this reference its responses to paragraphs 1 through 15, inclusive, and 93 through 105, inclusive.

43. Nippo admits the allegations contained in paragraph 107.

44. Nippo denies generally and specifically each and every allegation contained in paragraphs 108 and 109.

**COUNT TEN**

45. In response to paragraph 110, Nippo realleges and incorporates herein by this reference its responses to paragraphs

1 through 15, inclusive.

46. Nippo admits the allegations contained in paragraphs 111, 113, 115, 118, and 119.

47. In response to paragraph 112, Nippo admits only that the JV Agreement for PAIP X included this provision but Nippo denies generally and specifically each and every other allegation contained in said paragraph.

48. In response to paragraph 114, Nippo admits only that the IBC/Nippo Joint Venture entered into a subcontract with Nippo for the work under the PAIP X project but denies generally and specifically each and every other allegation contained therein.

49. In response to paragraph 116, Nippo admits only that on or about June 19, 2002, Nippo entered into a subcontract with IBC under the terms of which IBC agreed to perform the work required on the PAIP X Project. Nippo denies generally and specifically each and every other allegation in said paragraph.

50. Nippo denies generally and specifically each and every allegation contained in paragraphs 117, and 120.

**COUNT ELEVEN**

51. In response to paragraph 121, Nippo realleges and incorporates herein by this reference its responses to paragraphs 1 through 15, inclusive.

52. Nippo admits the allegations contained in paragraphs 122, 124, 126, and 132.

53. In response to paragraph 123, Nippo admits only that

- 8 -

the JV Agreement included this provision but denies generally and specifically each and every other allegation contained therein.

54. In response to paragraph 125, Nippo admits that the IBC/Nippo Joint Venture entered into a subcontract with Nippo for the work under the Route 4 Project but denies generally and specifically each and every other allegation contained therein.

55. In response to paragraph 127, Nippo admits only that on or about October 7, 2002, it entered into a sub-subcontract with IBC under the terms of which IBC agreed to perform work on the Route 4 Project, but Nippo denies generally and specifically each and every other allegation contained in said paragraph.

56. Nippo denies generally and specifically each and every allegation contained in paragraphs 128, 129, 130, 131, 133, 134, and 135.

### COUNT TWELVE

57. In response to paragraph 136, Nippo realleges and incorporates herein by this reference its responses to paragraphs 1 through 15, inclusive.

58. Nippo admits the allegations contained in paragraphs 137, 139, 141, 144, 146, and 149.

59. In response to paragraph 138, Nippo admits that the JV Agreement contained this provision but denies generally and specifically each and every other allegation contained therein.

60. In response to paragraph 140, Nippo admits only that the Joint Venture entered into a subcontract with Nippo for the

- 9 -

work under the Wake Island Project but denies generally and specifically each and every other allegation contained there.

61. In response to paragraph 142, Nippo admits only that on or about May 27, 2003, Nippo entered into a sub-subcontract with IBC under the terms of which IBC agreed to perform the work required under the Wake Island Project but Nippo denies generally and specifically each and every other allegation contained in said paragraph.

62. In response to paragraph 148, Nippo admits only that it has certified a claim as being true and correct and has submitted that claim to the Navy in the amount of $6,750,070 on behalf of the Joint Venture. Nippo further admits only that IBC participated in the preparation of the claim but Nippo denies generally and specifically each and every other allegation contained in said paragraph.

63. Nippo denies generally and specifically each and every allegation contained in paragraphs 143, 145, and 147.

**COUNT THIRTEEN**

64. In response to paragraph 150, Nippo realleges and incorporates herein by this reference its responses to paragraphs 1 through 15, inclusive, and 137 through 149, inclusive.

65. Nippo denies generally and specifically each and every allegation contained in paragraphs 151, 152, 153, and 154.

**COUNT FOURTEEN**

66. In response to paragraph 155, Nippo realleges and

incorporates herein by this reference its responses to paragraphs 1 through 15, inclusive.

67. Nippo admits the allegations contained in paragraphs 156 and 157.

68. In response to paragraph 159, Nippo admits the first sentence of said paragraph and further admits that on or about January 26, 2006, Nippo and IBC entered into a Joint Venture Agreement Amendment to be effective December 1, 2005 but Nippo denies generally and specifically each and every other allegation contained in said paragraph since the Joint Venture Agreement Amendment speaks for itself as to its terms and conditions.

69. In response to paragraph 162, Nippo admits only that work on the AMEC Project is not yet complete and that IBC has complained to the Nippo Board of Directors about alleged mismanagement. Nippo denies generally and specifically each and every other allegation contained in said paragraph.

70. Nippo denies generally and specifically each and every allegation contained in paragraphs 158, 160, 161, 163, 164, and 165.

**COUNT FIFTEEN**

71. In response to paragraph 166, Nippo realleges and incorporates herein by this reference its responses to paragraphs 1 through 15, inclusive.

72. Nippo admits the allegations contained in paragraphs 167, 169, 171, and 172.

73. In response to paragraph 176, Nippo admits only that IBC is entitled to an accounting on this project but Nippo denies generally and specifically each and every other allegation contained in said paragraph.

74. Nippo denies generally and specifically each and every allegation contained in paragraphs 168, 170, 173, 174, and 175.

**COUNT SIXTEEN**

75. In response to paragraph 177, Nippo realleges and incorporates herein by this reference its responses to paragraphs 1 through 15, inclusive.

76. Nippo admits the allegations contained in paragraphs 178, 180, 182, and 183.

77. In response to paragraph 186, Nippo admits only the allegations contained in the first sentence of said paragraph. Nippo denies generally and specifically each and every other allegation contained in said paragraph.

78. Nippo denies generally and specifically each and every allegation contained in paragraphs 179, 181, 184, 185, and 187.

**COUNT SEVENTEEN**

79. In response to paragraph 188, Nippo realleges and incorporates herein by this reference its responses to paragraphs to paragraphs 1 through 15, inclusive.

80. Nippo admits the allegations contained in paragraphs 193 and 196.

81. In response to paragraph 192, Nippo admits only that

- 12 -

the IBC/Nippo Joint Venture entered into a subcontract with Nippo for the work under the Koyukuk Project but Nippo denies generally and specifically each and every other allegation contained in said paragraph.

82. In response to paragraph 194, Nippo admits only that on or about November 11, 2003, Nippo entered into a sub-subcontract with IBC under the terms of which IBC agreed to perform the work required on the Koyukuk Project. Nippo denies generally and specifically each and every other allegation contained in said paragraph.

83. In response to paragraph 201, Nippo admits only that IBC is entitled to an accounting on this project but Nippo denies generally and specifically each and every other allegation contained in said paragraph.

84. Nippo lacks sufficient information and belief to formulate a response to the allegations contained in paragraph 197 and, basing its denial thereon, denies generally and specifically each and every allegation contained therein.

85. Nippo denies generally and specifically each and every allegation contained in paragraphs 189, 190, 191, 195, 198, 199, and 200.

**COUNT EIGHTEEN**

86. In response to paragraph 202, Nippo realleges and incorporates herein by this reference its responses to paragraphs 1 through 201.

87. Nippo admits the allegations contained in paragraph 203.

88. Nippo denies generally and specifically each and every allegation contained in paragraph 204.

89. In response to paragraph 205, Nippo admits that IBC is entitled to a full and complete accounting of the Joint Venture affairs but Nippo denies generally and specifically each and every other allegation contained in said paragraph.

**COUNT NINETEEN**

90. In response to paragraph 206, Nippo realleges and incorporates herein by this reference its responses to paragraphs 1 through 15.

91. Nippo admits the allegations contained in paragraphs 207.

92. In response to paragraph 208, Nippo admits only that IBC was entitled to a credit in the amount of $2,641,130 but denies generally and specifically that such credit applies to the claims being advanced by Nippo herein inasmuch as that amount has already been credited in arriving at the amounts sought by Nippo in its First Amended Complaint.

**COUNT TWENTY**

93. In response to paragraph 209, Nippo realleges and incorporates herein by this reference its responses to paragraphs 1 through 15.

94. Nippo admits the allegations contained in paragraphs

210 and 211.

95. Nippo denies generally and specifically each and every allegation contained in paragraphs 212, 213, and 214.

**COUNT TWENTY-ONE**

96. In response to paragraph 215, Nippo realleges and incorporates herein by this reference its responses to paragraphs 1 through 15.

//

97. In response to paragraph 216, Nippo admits only that the Joint Venture Agreement Amendment obligated Nippo to pay some Alaska office expenses but Nippo denies generally and specifically each and every other allegation contained in said paragraph inasmuch as the Joint Venture Agreement Amendment speaks for itself as to its terms and conditions.

98. Nippo denies generally and specifically each and every allegation contained in paragraphs 217 and 218 and further affirmatively alleges that IBC has already obtained the benefit of a $170,000 credit in connection with Alaska office expenses.

**COUNT TWENTY-TWO**

99. In response to paragraph 219, Nippo realleges and incorporates herein by this reference its responses to paragraphs 1 through 205.

100. Nippo denies generally and specifically each and every allegation contained in paragraphs 220 and 221 inasmuch as those paragraphs refer to numerous agreements and those agreements

- 15 -

speak for themselves as to the terms and conditions applicable to an award of attorneys' fees.

### FIRST AFFIRMATIVE DEFENSE

The counterclaims fail to state a claim or claims upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The counterclaimants have waived the claims asserted in the counterclaims.

### THIRD AFFIRMATIVE DEFENSE

Nippo is owed large sums of money from the counterclaimants, including the debts alleged in Nippo's claims herein and others, and those amounts serve as an offset against the damages, if any, otherwise awardable to the counterclaimants.

### FOURTH AFFIRMATIVE DEFENSE

The counterclaimants are barred due to various accords and satisfactions which have been reached between the counterclaimants and Nippo.

### FIFTH AFFIRMATIVE DEFENSE

To the extent that any of the counterclaims are characterized as tort claims, any injuries or damages which the counterclaimants sustained were caused primarily by their own negligence and its claims are therefore barred.

### SIXTH AFFIRMATIVE DEFENSE

To the extent that any of the counterclaimants' claims are characterized as tort claims, any injuries or damages counterclaimants sustained were partially caused by their own

- 16 -

negligence, and their damages, if any, must be reduced by the percentage of causal negligence attributable to them.

### SEVENTH AFFIRMATIVE DEFENSE

Counterclaimants are equitably estopped from pursuing any of the claims set forth in the counterclaims.

### EIGHTH AFFIRMATIVE DEFENSE

Nippo affirmatively alleges that IBC has failed to perform the obligations applicable to IBC under the agreements between Nippo and IBC and that Nippo's performance has therefore been executed.

### NINTH AFFIRMATIVE DEFENSE

The counterclaimants have unclean hands in connection with the transactions alleged and are, therefore, not entitled to any of the equitable relief requested in the counterclaims.

**WHEREFORE**, Counter Defendant **NIPPO CORPORATION** prays judgment as follows:

1. That Counterclaimants take nothing by their counterclaims.

2. For costs of suit incurred herein;

3. For reasonable attorneys' fees to the extent authorized by the contracts at issue; and

//

//

4. For such other and further relief as the Court may deem just and proper.

```
                                BLAIR STERLING JOHNSON
                                 MARTINEZ & LEON GUERRERO
                                A PROFESSIONAL CORPORATION

DATED: OCTOBER  10 , 2006      BY: /s/ Thomas C. Sterling
                                THOMAS C. STERLING
                                Attorneys for Plaintiff and Counter Defendant Nippo
                                Corporation
```

E62:E56\52765-01
G:\WORDDOC\PLD\TCS\298-ANSWER OF NIPPO TO COUNTERCLAIM RE NIPPO V IBC ET AL.DOC