**CIVILLE & TANG, PLLC**
330 HERNAN CORTEZ AVENUE, SUITE 200
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 472-8869/69
FACSIMILE: (671) 477-2511

*Attorneys for Defendants/Counterclaimants*

**BLAIR STERLING JOHNSON MOODY
  MARTINEZ & LEON GUERRERO**
A PROFESSIONAL CORPORATION
SUITE 1008 PACIFIC NEWS BUILDING
238 ARCHBISHOP F.C. FLORES STREET
HAGÅTÑA, GUAM 96910-5205
TELEPHONE: (671) 477-7857

*Attorneys for Plaintiff/Counterclaim Defendant*



FILED
DISTRICT COURT OF GUAM
OCT 31 2006
MARY L.M. MORAN
CLERK OF COURT

## IN THE UNITED STATES DISTRICT COURT OF GUAM

| | | |
|---|---|---|
| NIPPO CORPORATION, | ) | CIVIL CASE NO. 06-00020 |
| Plaintiff, | ) | |
| vs. | ) | |
| INTERNATIONAL BRIDGE CORPORATION, INTERNATIONAL BRIDGE AND CONSTRUCTION/MARIANAS, INC., INTER BAY CIRCLE MARINE, AND WILLIAM E. TOELKES, | ) | [~~PROPOSED~~] Only **SCHEDULING ORDER** |
| Defendants. | ) | |
| INTERNATIONAL BRIDGE CORPORATION, AND INTERNATIONAL BRIDGE AND CONSTRUCTION/MARIANAS, INC., | ) | |
| Counterclaimants, | ) | |
| vs. | ) | |
| NIPPO CORPORATION, | ) | |
| Counterclaim Defendants. | ) | |

Pursuant to Rules 16 and 26(f) of the Federal Rules of Civil Procedure and Local Rule 16.1 for the District Court of Guam, the parties hereby submit the following Scheduling Order:

1. **The nature of the case is as follows:** This action primarily involves a dispute between Nippo Corporation and International Bridge Corporation ("IBC"), who were and continue to be joint venture partners on a number of projects on Guam, as well as projects on Wake Island, the Marshall Islands, the FSM and Alaska. Suit was instituted by Nippo Corp seeking more than $20 million in damages against IBC, and three other defendants alleged to be alter egos of IBC, under breach of contract and alter ego liability theories. Plaintiff seeks a constructive trust against specified construction equipment and one piece of real property on Guam, and an accounting for all joint venture projects. IBC has filed a counterclaim involving ten of the joint venture projects, seeking more than $20 million in damages, based on breach of contract, breach of fiduciary duty and mismanagement theories, and it too seeks an accounting. Each side has denied the allegations by the other side.

2. **The posture of the case is as follows:** The case is in its early stages. Plaintiff filed its First Amended Complaint on August 23, 2006. Federal jurisdiction was asserted under 28 U.S.C. §1332 based on diversity and an alleged amount at issue in excess of $20 million. On September 12, 2006, Defendants filed their Answer, and a Counterclaim seeking more than $20 million in damages. Plaintiff filed an Answer to Counterclaim on October 10, 2006.

    (a) The following motions are on file: None.

    (b) Discovery and will be conducted and be concluded in accordance with the Joint Discovery Plan filed herewith.

3. All motions to add parties and claims shall be filed on or before **January 12, 2007**.

4. All motions to amend pleadings shall be filed on or before **January 12, 2007.**

5. **Adoption of Joint Discovery Plan:** The parties have executed a Joint Discovery Plan, which has been filed with the Court. The Joint Discovery Plan is adopted and incorporated herein.

6. The parties will appear before the District Court on for a Scheduling Conference on **October 31, 2006** at **10:00 a.m.**

7. The discovery cut-off date (defined as the last day to file responses to discovery) is **January 18, 2008.**

8. (a) The anticipated discovery motions are: The parties do not anticipate any discovery disputes. Any discovery motions shall be filed by **January 30, 2008**.

(b) Each side anticipates filing motions which will be dispositive as to one or more issues. All dispositive motions shall be filed on or before **February 8, 2008.**

9. **The prospects for settlement are:** At this juncture, settlement does not appear to be likely, but the parties are willing to participate in good faith in formal settlement discussions. Given the large number of separate construction projects involved in this dispute, the parties believe that mediation before a privately retained construction mediator may be the most appropriate forum for such settlement discussions.

10. The Preliminary Pretrial Conference shall be held on **March 31, 2008**, at _10:00_ _a_.m. This date is twenty-one (21) days before the trial date.

11. The parties' pretrial materials, discovery materials, witness lists, designations and exhibit lists shall be filed on or before **April 7, 2008.** This date is fourteen (14) days before the trial date.

12. The Proposed Pretrial Order shall be filed or before **April 7, 2008**. This date is fourteen (14) days before the trial date.

13. The Final Pretrial Conference shall be held on **April 14, 2008**, at __10:00__ __a__.**m.** This date is seven (7) days before the trial.

14. The trial shall be held on **April 21, 2008** at **9:30 a.m.**, or at such later date as may be convenient for the Court. This date is more than eighteen (18) months following the filing of the Complaint, but this date is warranted because some of the construction projects at issue will not be completed until late 2007, and a final accounting will not be possible until all contracts have been completed.

15. The trial is a jury trial.

16. It is anticipated that it will take 20 trial days to try this case.

17. The names of counsel on this case are:

   (a) Thomas C. Sterling, representing Plaintiff/Counterclaim Defendant.

   (b) G. Patrick Civille, representing Defendants/Counterclaimants.

18. A settlement conference is requested.

19. The parties present the following suggestions for shortening trial: At this early stage the parties do not have any specific proposals. As the case develops the parties will inform the Court of suggestions they have for shortening the trial.

20. The following issues will also affect the status or management of the case: Case management will be more complicated in this case because there are so many construction projects involved in the dispute, spanning several jurisdictions, and because work on some of those projects has not yet been completed. Another issue which may affect case management is that the joint venture partners have an appeal pending with the U.S. Navy relating to a joint venture project on Wake Island, an appeal pending with the Government of Guam relating to a local project, and may be filing an appeal with the

United States Air Force relating to work performed by the joint venture on Guam. If successful, these appeals will result in a millions of dollars in payment to the joint venture, which will greatly alter the damage claims at issue in this lawsuit.

IT IS SO ORDERED this _31st_ day of October, 2006.

                                              _____
                                              JOAQUIN V.E. MANIBUSAN, JR.
                                              MAGISTRATE JUDGE

APPROVED AS TO FORM AND CONTENT:

**BLAIR STERLING JOHNSON MOODY
MARTINEZ & LEON GUERRERO**

By:_____
   THOMAS C. STERLING
   *Attorneys for Plaintiff/
   Counterclaim Defendant*

Date: October 13, 2006


**CIVILLE & TANG, PLLC**

By:_____
   G. PATRICK CIVILLE
   *Attorneys for Defendants/Counterclaimants*

Date: October 13, 2006

RECEIVED
OCT 13 2006
DISTRICT COURT OF GUAM
HAGATNA, GUAM